PER CURIAM
Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel ("ODC") has filed a petition seeking the imposition of reciprocal discipline against respondent, Robert Wiegand, II, an attorney licensed to practice law in Louisiana and Colorado, based upon discipline imposed by the Supreme Court of Colorado.
UNDERLYING FACTS AND PROCEDURAL HISTORY
By way of background, respondent was admitted to practice in Colorado in 1976. He operates his law practice in a commercial condo space in Denver, Colorado, which is owned by respondent and his wife. Part of the building is leased to a convenience store, which shares a common hallway and two unisex bathrooms with respondent's law office.
In 2009, respondent hired a female associate. Around that time, he also hired a *65 female office manager. One day in 2012, the associate changed her clothes in one of the bathrooms and later discovered a surveillance camera there. She suspected that respondent had placed the camera in the bathroom. She presented the camera to respondent and suggested calling the police. Respondent replied he did not believe there was any immediate need to call the police. According to the associate, respondent's behavior made her think he was involved in placing the camera in the bathroom.[1] Ultimately, the police were contacted, but the investigation was later closed.
Respondent had also engaged in various behaviors that made the associate and the office manager uncomfortable and caused them emotional harm, including touching the associate on her back, tapping the office manager on her buttocks with a rolled-up magazine, making comments about women wearing swimsuits at office pool parties, and asking about gynecological care when setting up health insurance.
The associate and the office manager left the firm and filed discrimination claims with the Colorado Civil Rights Division. In a deposition, respondent initially testified that he never handled the camera batteries. He later testified that he did so in his associate's presence. After a trial in 2016, the court found in favor of the associate and the office manager on their claims of premises liability and sexual discrimination; the office manager also prevailed on her claim of intentional infliction of emotional distress. The court found by a preponderance of the evidence that respondent was either directly responsible for or complicit in placing the camera. The court stated, however, that it could not make this finding beyond a reasonable doubt. The civil rights claims court found that respondent's firm lacked appropriate discrimination or harassment policies and procedures. Respondent has since addressed those issues. He also denies placing the camera in the bathroom.
In November 2018, respondent and the Office of Attorney Regulation Counsel for the State of Colorado filed a "Stipulation, Agreement and Affidavit Containing the Respondent's Conditional Admission of Misconduct" with the Supreme Court of Colorado. In the filing, the parties agreed that respondent's misconduct as set forth above violated Rules 3.4(a) (a lawyer shall not unlawfully obstruct another party's access to evidence) and 8.4(h) (a lawyer shall not engage in any conduct that directly, intentionally, and wrongfully harms others and that adversely reflects on the lawyer's fitness to practice law) of the Colorado Rules of Professional Conduct.
On November 21, 2018, the presiding disciplinary judge accepted the parties' proposed agreement and suspended respondent from the practice of law for a period of one year and one day, all stayed upon the successful completion of a two-year period of probation, subject to conditions, including attendance at ethics school and completion of an eight-hour course related to sexual harassment or human resources.
After receiving notice of the Colorado order of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to *66 Supreme Court Rule XIX, § 21. A copy of the Final Judgment and Order issued by the Supreme Court of Colorado was attached to the motion. On January 31, 2019, this court rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. In response to the court's order, respondent's counsel notified the ODC that "he does not oppose the relief requested in the Petition for Reciprocal Discipline filed against him."
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline ... unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; ...
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.
In the instant case, respondent has made no showing of infirmities in the Colorado proceeding, nor do we discern any from our review of the record. Furthermore, we feel there is no reason to deviate from the sanction imposed in Colorado as only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction. In re: Aulston , 05-1546 (La. 1/13/06), 918 So.2d 461. See also In re Zdravkovich , 831 A.2d 964, 968-69 (D.C. 2003) ("there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority").
Under these circumstances, it is appropriate to defer to the Colorado judgment imposing discipline upon respondent. Accordingly, we will impose the same discipline against respondent as was imposed in Colorado.
DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that respondent, Robert Wiegand, II, Louisiana Bar Roll number 13460, be and he hereby is suspended from the practice of law for a period of one year and one day. It is further ordered that this suspension shall *67 be fully deferred, subject to respondent's successful completion of a two-year period of probation governed by the conditions set forth by the Supreme Court of Colorado in its order imposing discipline in The People of the State of Colorado v. Robert Wiegand, II , No. 18PDJ060 on the docket of the Supreme Court of Colorado.

The associate claims respondent initially suggested they destroy the memory card in the camera, but ultimately agreed to preserve it after the associate told him it might contain evidence. She claims respondent scrapped tape off the back of the camera and threw the tape in a trash can. He also opened the battery compartment and handled the camera's batteries. When the associate told the office manager of her suspicions, the office manager told her she was not surprised, as she always felt like respondent was "watching her."